**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0540-24

REVERSE MORTGAGE
FUNDING, LLC,

    Plaintiff-Respondent,

v.

KAMILLA FARKAS TILLE,
MR. TILLE, husband of
KAMILLA FARKAS TILLE,

    Defendant-Appellant,

and

UNITED STATES OF AMERICA,

    Defendant.

_____

Submitted September 24, 2025 – Decided October 23, 2025

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-002248-22.

Kamilla Farkas Tille, appellant pro se.

Martone & Uhlmann, PC, and Fidelity National Law Group, attorneys for respondent (Dennis P. Uhlmann, Jr., and Hugh A. Keffer, on the brief).

PER CURIAM

Defendant Kamilla Farkas Tille appeals from a September 9, 2024 order, which denied her motion to dismiss the November 16, 2022 order for Final Judgment for Foreclosure. Because defendant has failed to provide any meritorious reason to vacate the final judgment, we affirm.

The property securing the mortgage loan was originally owned by Dennis and Irma Farkas, the parents of defendant and her sister, Viola Andrukonis. After the Farkas divorced in 1980, defendant and Andrukonis each became an owner in common holding fifty percent interest.

In 2020, Irma transferred her interest into a life estate, with defendant to take the remainder after Irma's death. Therefore, after Irma died in 2021, defendant owned Irma's share of the property as the remainderman. Defendant and Andrukonis each received half of Dennis Farkas' interest when he died in 1994. As a result, defendant owns three-quarters of the property and Andrukonis owns a quarter of it.

In September 2020, Irma, as life tenant borrower, and defendant, as remainderman, executed an adjustable-rate mortgage with plaintiff which

2

secured a reverse mortgage loan. Paragraph 10(A)(i) of the loan documents provided that "Lender may require immediate payment in full of all sums secured by this Security Instrument if a Borrower dies and the Property is not the Principal Residence of at least one surviving Borrower."

After Irma's death in August 2021, the loan became due and defendant did not pay it. Thereafter, plaintiff filed and served a Notice of Intent to foreclose upon Irma's Estate at the property by regular and certified mail. Plaintiff subsequently filed a complaint for foreclosure in March 2022. Plaintiff alleged that Irma and defendant received approximately $128,000 from the loan. Plaintiff served defendant personally with the Summons and Complaint.

In June 2022, plaintiff filed a request to enter default judgment against defendant which was entered on June 6, 2022. Two months later, defendant moved to vacate default judgment. The motion was denied on September 9, 2022. In November, plaintiff filed a motion for final judgment, which was entered on November 16, 2022. The Sheriff's Sale was initially scheduled for April 2023. The court subsequently granted defendant nine adjournments and stay of the sale.

A-0540-24

In June 2024, defendant moved to vacate the entry of final judgment and Andrukonis filed a motion for leave to intervene in the action.[1]  On September 9, 2024, Judge Thomas Daniel McCloskey denied both motions.  The property was sold on September 11, 2024.

In defendant's motion to vacate final judgment, she contended the signature on the mortgage was not Irma's, there was no title search or attorney review, Andrukonis did not agree to the reverse mortgage, and defendant received legal advice that the life estate protected the home.

In his written decision, Judge McCloskey noted he addressed many of these assertions in his order denying a prior motion to vacate final judgment in March 2024, specifically that defendant "signed the mortgage"; "[d]efendant was properly named as a defendant in the foreclosure complaint"; "[d]efendant did not answer the complaint and default was entered against her"; "[d]efendant exercised her two statutory stays of the sale"; and a "writ of execution [was] properly issued for the sale of the property."  Judge McCloskey concluded "[d]efendant failed to present any legally recognized reason her interest in the property could not and cannot be foreclosed."

---

[1]  Andrukonis has not appealed from this order.

A-0540-24

Turning to the present application, Judge McCloskey initially found the motion to vacate was untimely under Rule 4:50-2. Nevertheless, he considered the new and reiterated contentions and found defendant "ha[d] still failed to meet her burden of demonstrating any of the provisions of R[ule] 4:50-1 to warrant a vacating of the Final Judgment entered in this matter back on November 16, 2022, and a corresponding dismissal of [the] complaint."

On appeal, defendant contends the court erred in denying her motion to dismiss the entry of final judgment because plaintiff lacked standing to foreclose on the property, failed to comply with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -82 and the reverse mortgage agreement was invalid.[2] Based on our review of the record and applicable law, we deem these arguments without merit. They

---

[2] Defendant also asserts new issues not previously raised before the Chancery Division.

> It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.
>
> [US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 483 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (internal quotation omitted)).]

do not warrant any discussion in addition to the cogent analysis set forth in Judge McCloskey's written opinion of September 9, 2024. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0540-24